Kelsey Whalen; AZ Bar No. 037043
Amanda Kuklinski; AZ Bar No. 035676
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
kwhalen@weilerlaw.com
akuklinski@weilerlaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Penni Anifer**, a Texas resident; and **Kevin Sisk**, a Texas resident; | Case No. |
| Plaintiff, | **VERIFIED COMPLAINT** |
| v. | |
| **Clement Trucking, LLC**, an Arizona company; **Archie Lane LLC**, an Arizona company; **Roberto A Clement**, an Arizona resident; and **Guadalupe Monreal**, an Arizona resident; | **(Jury Trial Requested)** |
| Defendant. | |

Plaintiffs Penni Anifer and Kevin Sisk ("**Plaintiffs**"), for their Verified Complaint against Defendants Clement Trucking, LLC ("**Clement Trucking**"), Archie Lane LLC ("**Archie Lane**") (collectively, "**Entity Defendants**"); Roberto A. Clement, and Guadalupe Monreal (all together known as "**Defendants**"), hereby allege as follows:

## NATURE OF THE CASE

1. Plaintiffs bring this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"

or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2.      This action is also brought to recover minimum wage compensation, liquidated damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3.      This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the AWS.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6.      Plaintiffs' state law claims are sufficiently related to their federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiffs' claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7.      Plaintiffs were employed by Defendants in this District.

## PARTIES

8.      At all relevant times to the matters alleged herein, Plaintiff Penni Anifer resided in the District of Arizona.

9.      Plaintiff Penni Anifer was a full-time employee of Defendants from on or around September 6, 2021, until on or around December 1, 2022.

WEILER LAW PLLC
5050 N. 40th St., Suite 260. Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

10.    At all relevant times, Plaintiff Penni Anifer was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

11.    At all relevant times, Plaintiff Penni Anifer was an employee of Defendants as defined by A.R.S. § 23-362(A).

12.    At all relevant times, Plaintiff Penni Anifer was an employee of Defendant Clement Trucking as defined by A.R.S. § 23-350(2).

13.    At all relevant times, Plaintiff Penni Anifer was an employee of Defendant Archie Lane as defined by A.R.S. § 23-350(2).

14.    At all relevant times to the matters alleged herein, Plaintiff Kevin Sisk resided in the District of Arizona.

15.    Plaintiff Kevin Sisk was a full-time employee of Defendants from approximately November 2020, until on or around December 1, 2022.

16.    At all relevant times, Plaintiff Kevin Sisk was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

17.    At all relevant times, Plaintiff Kevin Sisk was an employee of Defendants as defined by A.R.S. § 23-362(A).

18.    At all relevant times, Plaintiff Kevin Sisk was an employee of Defendant Clement Trucking as defined by A.R.S. § 23-350(2).

19.    At all relevant times, Plaintiff Kevin Sisk was an employee of Defendant Archie Lane as defined by A.R.S. § 23-350(2).

20.    At all relevant times, Plaintiffs, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

21.    At all relevant times, Plaintiffs, in their work for Defendants, were engaged

WEILER LAW PLLC
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

in interstate commerce.

22.    Plaintiffs, in their work for Defendants, regularly handled goods produced and transported in interstate commerce.

23.    Plaintiffs would communicate with Defendant Roberto Clement via text message, email, and telephone.

24.    Plaintiffs are covered employees under individual coverage.

25.    Plaintiffs are covered employees under enterprise coverage.

26.    Defendant Roberto Clement is an Arizona resident.

27.    Defendant Roberto Clement has directly caused events to take place, giving rise to this action.

28.    Defendant Roberto Clement is a member of Clement Trucking.

29.    Defendant Roberto Clement is the statutory agent for Clement Trucking.

30.    Defendant Roberto Clement is an owner of Clement Trucking.

31.    Defendant Roberto Clement is an employer for Clement Trucking.

32.    Defendant Roberto Clement has been at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

33.    Defendant Roberto Clement has been at all relevant times Plaintiffs' employer as defined by A.R.S. § 23-362(B).

34.    The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Therefore, under the FLSA, Defendant Roberto Clement is an employer.

35.    Defendant Roberto Clement had the authority to hire and fire employees.

36.    Defendant Roberto Clement hired Plaintiff Penni Anifer on or around

WEILER LAW PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ, 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

September 6, 2021.

37.    Defendant Roberto Clement hired Plaintiff Kevin Sisk in approximately November 2020.

38.    Defendant Roberto Clement approved payroll.

39.    Defendant Roberto Clement supervised and controlled Plaintiff Anifer's work schedule or the conditions of Plaintiff Anifer's employment.

40.    Defendant Roberto Clement would give Plaintiff Anifer and other employees directions of daily tasks to complete.

41.    Defendant Roberto Clement determined the rate and method of Plaintiff Anifer's payment of wages.

42.    Defendant Roberto Clement instructed Plaintiff Anifer to operate Clement Trucking and Archie Lane tractor-trailers to carry out their job duties.

43.    Defendant Roberto Clement supervised and controlled Plaintiff Sisk's work schedule or the conditions of Plaintiff Sisk's employment.

44.    Defendant Roberto Clement would give Plaintiff Sisk and other employees directions of daily tasks to complete.

45.    Defendant Roberto Clement determined the rate and method of Plaintiff Sisk's payment of wages.

46.    Defendant Roberto Clement instructed Plaintiff Sisk to operate Clement Trucking and Archie Lane tractor-trailers to carry out their job duties.

47.    As a person who acted in the interest of the previously identified corporate entities in relation to the company's employees, Defendant Roberto Clement is subject to individual and personal liability under the FLSA.

48.     Defendant Guadalupe Monreal is an Arizona resident.

49.     Defendant Guadalupe Monreal is the statutory agent for Archie Lane LLC.

50.     Defendant Guadalupe Monreal is an owner of Archie Lane LLC.

51.     Defendant Guadalupe Monreal is an employer for Archie Lane LLC.

52.     Upon reasonable belief, during Plaintiffs' employment with Defendants, Defendant Guadlupe Monreal and Defendant Roberto Clement were legally married.

53.     Defendant Guadlupe Monreal and Defendant Roberto Clement have caused events to take place giving rise to this action as to which their marital community is fully liable.

54.     Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

55.     Plaintiffs further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

56.      Defendants, and each of them, are sued in both their individual and corporate capacities.

57.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

## DEFENDANT CLEMENT TRUCKING, LLC

58.     Defendant Clement Trucking is a company authorized to do business in Arizona.

59.     Defendant Clement Trucking was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

60.    Defendant Clement Trucking was Plaintiffs' employer as defined by A.R.S. § 23-362(B).

61.    Defendant Clement Trucking was Plaintiffs' employer as defined by A.R.S. § 23-350(3).

62.    Plaintiffs have a good faith reasonable belief that in their work for Clement Trucking LLC, they were employed by an enterprise engaged in commerce that had an annual gross sales of at least $500,000 in 2021.

63.    Plaintiffs have a good faith reasonable belief that in their work for Clement Trucking LLC, they were employed by an enterprise engaged in commerce that had an annual gross sales of at least $500,000 in 2022.

## **DEFENDANT ARCHIE LANE LLC**

64.    Defendant Archie Lane is a company authorized to do business in Arizona.

65.    Defendant Archie Lane was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

66.    Defendant Archie Lane was Plaintiffs' employer as defined by A.R.S. § 23-362(B).

67.    Defendant Archie Lane was Plaintiffs' employer as defined by A.R.S. § 23-350(3).

68.    Plaintiffs have a good faith reasonable belief that in their work for Archie Lane LLC, they were employed by an enterprise engaged in commerce that had an annual gross sales of at least $500,000 in 2022.

69.    Plaintiffs have a good faith reasonable belief that in their work for Archie Lane LLC and Clement Trucking LLC, both companies had combined annual gross sales

WEILER LAW PLLC

5050 N. 40th St., Suite 260. Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

of at least $500,000 in 2022.

**FACTUAL ALLEGATIONS**

70.     The entity Defendants are interstate freight carrier companies.

71.     In or around November 2020, Plaintiff Kevin Sisk commenced employment with Defendants as a delivery driver.

72.     On or around September 6, 2021, Plaintiff Penni Anifer commenced employment with Defendants as a delivery driver.

73.     Plaintiffs worked collectively as co-drivers.

74.     As co-drivers, Plaintiffs completed assigned trips together in the same tractor-trailer and shared their driving responsibilities.

75.     Plaintiffs' primary job duties included operating tractor-trailers and performing deliveries at various warehouses throughout the United States.

76.     Throughout Plaintiffs' employment, Plaintiffs were misclassified as independent contractors.

77.     Plaintiffs were not hired for a finite period; rather, they were expected to continue working for Defendants until they quit or until their employment was terminated.

78.     Defendant Roberto Clement controlled the work Plaintiffs performed and assigned Plaintiffs' driving routes.

79.     Defendant Roberto Clement provided all materials and/or equipment Plaintiffs required to perform their work for Defendants, such as providing Plaintiffs with the tractor-trailer to complete their job duties as well as an Electronic Logging Device ("ELD") to log their driving time.

80.     Defendant Roberto Clement also determined the rate at which Plaintiffs were

WEILER LAW PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ, 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

paid and the method Plaintiffs were paid.

81.    Plaintiffs had no opportunity for additional profit or loss in their work with Defendants and Plaintiffs' earnings were based on how many miles they drove, which was determined by the route assigned by Defendant Roberto Clement.

82.    Plaintiffs were required to notify and get approval from Defendant Roberto Clement when they needed to depart from the assigned route.

83.    Defendant Roberto Clement also monitored Plaintiffs' work through their communications via WhatsApp and the hours and locations logged in the ELD.

84.    Plaintiffs were to be paid $0.63 per mile for each trip they made.

85.    Plaintiffs were typically paid upon their return from a trip.

86.    Plaintiffs did not receive an hourly rate for hours worked.

87.    Plaintiffs worked a minimum of 40 hours each work week.

88.    Plaintiffs each received a check from Defendant Roberto Clement on November 19, 2022 for $1,164.00.

89.    Plaintiffs each received a check from Defendant Roberto Clement on November 22, 2022 for $2,525.00.

90.    Plaintiffs each received a check from Defendant Roberto Clement on December 3, 2022 for $2,386.00.

91.    All three checks Plaintiffs received on November 19, 2022; November 22, 2022; and December 3, 2022 bounced.

92.    Plaintiff Anifer averaged 50 to 70 hours per week in November 2022,

93.    Plaintiff Anifer was not paid for any hours worked in November 2022.

94.     Plaintiff Sisk averaged 50 to 70 hours per week in November 2022.

WEILER LAW PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ, 85918
Tel & Fax: 480.442.3410 – info@weilerlaw.com

WEILER LAW PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

95.     Plaintiff Sisk was later paid $2,540.00 via Zelle on December 1, 2022.

96.     Plaintiff Anifer estimates she is owed $6,075.00.

97.     Plaintiff Sisk estimates he is owed $3,550.00.

98.     Defendants failed to properly compensate Plaintiffs for their hours worked.

99.     Plaintiffs, therefore, did not receive their FLSA minimum wage or Arizona minimum wage.

100.    Defendants wrongfully withheld wages from Plaintiffs by failing to pay all wages due on their next paycheck.

101.    Plaintiffs, to this day, have not received all wages owed for the work they performed.

102.    Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

103.    Defendants failed to post and keep posted in a conspicuous place the required poster/notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

104.    Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

## <u>COUNT I</u>
## <u>(FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)</u>

105.    Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

106.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

107.    Plaintiffs were employees entitled to the statutorily mandated minimum

wage.

108.    Defendants have intentionally failed and/or refused to pay Plaintiffs' minimum wage according to the provisions of the FLSA.

109.    As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

110.    In addition to the amount of unpaid minimum wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

111.    Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

112.    Defendants knew Plaintiffs were not being compensated full minimum wages for time worked.

113.    Defendants knew their failure to pay minimum wage was a violation of the FLSA.

114.    Defendants have not made a good faith effort to comply with the FLSA.

115.    Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

<u>COUNT II</u>
<u>(FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)</u>

116.    Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

117.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

WEILER LAW PLLC
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

118.    Defendants intentionally failed and/or refused to pay Plaintiffs' full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

119.    In addition to the amount of unpaid minimum wage owed to Plaintiffs, they are entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

120.    Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

**COUNT III**
**(FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)**
**(ONLY AGAINST ENTITY DEFENDANTS CLEMENT TRUCKING, LLC AND ARCHIE LANE LLC)**

121.    Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

122.    At all relevant times, Plaintiffs were employed by Entity Defendants within the meaning of the Arizona Wage Statute.

123.    Entity Defendants were aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

124.    Entity Defendants were aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiffs.

125.    Entity Defendants failed to timely pay Plaintiffs their wages due without a good faith basis for withholding the wages.

126.    Entity Defendants have willfully failed and refused to timely pay wages due to Plaintiffs.

127.    As a result of Entity Defendants' unlawful acts, Plaintiffs are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray:

A.    For the Court to declare and find that the Defendants committed the following acts:

    i.    violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    ii.    willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    iii.    violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    iv.    willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    v.    willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B.    For the Court to award compensatory damages, including liquidated or double damages, and/or treble damages, to be determined at trial;

C.    For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.    For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.    For the Court to award Plaintiffs reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

WEILER LAW PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ, 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

F.     Any other remedies or judgments deemed just and equitable by this Court;

### JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED November 14, 2023.

**WEILER LAW PLLC**

By: /s/ Kelsey Whalen
     5050 N. 40th St., Suite 260
     Phoenix, AZ 85018
     Attorneys for Plaintiffs

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

1

2

## <u>VERIFICATION</u>

Plaintiff Penni Anifer declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Penni Anifer

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ, 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

1

## <u>VERIFICATION</u>

2

3        Plaintiff Kevin Sisk declares under penalty of perjury that he has read the foregoing

4    Verified Complaint and is familiar with the contents thereof.  The matters asserted therein

5    are true and based on his personal knowledge, except as to those matters stated upon

6    information and belief, and as to those matters, he believes them to be true.

7

8

9        _____

10        Kevin Sisk

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ, 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com