**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Penni Anifer, et al., | No. CV-23-00518-TUC-SHR (MSA) |
| Plaintiffs, | **ORDER** |
| v. | |
| Clement Trucking LLC, et al., | |
| Defendants. | |

Plaintiffs Penni Anifer and Kevin Sisk filed this action on November 14, 2023, alleging three wage claims against Clement Trucking LLC, Archie Lane LLC, Roberto Clement, and Guadalupe Monreal. (Doc. 1.) The service deadline is February 12, 2024. *See* Fed. R. Civ. P. 4(m) (requiring that service be made within 90 days). Plaintiffs have attempted without success to complete personal service, so they now move for leave to complete service by alternative means. (Doc. 10.) The motion will be granted.

A defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under state law, service by alternative means is appropriate if personal service is "impracticable." Ariz. R. Civ. P. 4.1(k)(1). "Impracticable does not mean impossible, but rather that service would be 'extremely difficult or inconvenient.'" *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (quoting *Blair v. Burgener*, 245 P.3d 898, 903 (Ariz. Ct. App. 2010)).

When service is done by alternative means, the plaintiff "must make a reasonable

effort to provide the person being served with actual notice of the action's commencement" and must also "mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served." Ariz. R. Civ. P. 4.1(k)(2). Similarly, to satisfy due process, service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

Plaintiffs have satisfied these requirements. They have tried, seven times, to serve Defendants at Clement and Monreal's home—a place where Defendants have been served before—but have not had success. (Doc. 10-1 at 2–3.) On the first attempt, the process server saw Monreal's vehicle in the driveway and saw the window blinds move. (*Id.* at 3.) On the third attempt, the process server saw a Dodge vehicle in the driveway. (*Id.*) On the sixth attempt, the process server left his card in the front door but apparently never heard back. (*Id.*) On the seventh attempt, Clement apparently saw the process server before driving away in the Dodge vehicle, and the process server saw Monreal's vehicle in the driveway. (*Id.*) These circumstances suggest that Defendants are evading service. This makes personal service impracticable. *Ritchie v. Salvatore Gatto Partners, L.P.*, 222 P.3d 920, 923 (Ariz. Ct. App. 2010). Furthermore, Plaintiff's proposed means of service—by regular and certified U.S. mail to Defendants' business and home addresses, and by posting the service packet on the front door of Defendants' business and home addresses—is reasonably calculated to provide Defendants with actual notice of this lawsuit, as their physical presences have previously been confirmed at one of those addresses. Therefore,

**IT IS ORDERED** that Plaintiffs' motion for alternative service (Doc. 10) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs may serve Defendants with the summons, complaint, and this Order by doing each of the following:

1.      Posting a copy of the summons, complaint, and this Order to the front door

of Defendants' addresses: 7050 N. 1st Ave., Tucson, AZ 85718; 1621 N. 6th Ave., #2, Tucson, AZ 85705; and 31 N. 6th Ave., Ste. 105-129, Tucson, AZ 85701; and

2.      Mailing a copy of said documents to the same addresses via U.S. First Class Mail and Certified Mail.

Dated this 24th day of January, 2024.

Honorable Maria S. Aguilera
United States Magistrate Judge