WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Penni Anifer, et al., | No. CV-23-00518-TUC-SHR (MSA) |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| Clement Trucking LLC, et al., | |
| Defendants. | |

Plaintiffs Penni Anifer and Kevin Sisk move for entry of default judgment against Defendants Clement Trucking LLC, Archie Lane LLC, Roberto Clement, and Guadalupe Monreal. Defendants have not responded, and the time for doing so has passed. For the following reasons, the Court will recommend that the motion be granted.

## Background

### I.  Facts[1]

Defendants Clement Trucking and Archie Lane are interstate freight carrier companies. (Doc. 1 ¶ 70.) The companies are owned by Defendants Clement and Monreal. (*Id.* ¶¶ 30, 50.) Defendants hired Plaintiffs to work as delivery drivers transporting goods throughout the United States. (*Id.* ¶¶ 71–75.) Plaintiffs were employees within the meaning of federal and state law, although Defendants tried to misclassify them as independent contractors. (*Id.* ¶¶ 9–13, 15–19, 32–46, 76–83.)

Defendants agreed to pay Plaintiffs $0.63 per mile. (*Id.* ¶ 84.) Plaintiff Anifer was

---

[1] These factual allegations are taken from the complaint. (Doc. 1.)

not paid for any of her work in November 2022, and Plaintiff Sisk was only partially paid. (*Id.* ¶¶ 93, 95.) Plaintiffs worked about 50 to 70 hours per week that month. (*Id.* ¶¶ 92, 94.)

Plaintiffs seek to hold Defendants jointly and severally liable under the Fair Labor Standards Act (Count One), the Arizona Minimum Wage Act (Count Two), and the Arizona Wage Act (Count Three). (*Id.* ¶¶ 57, 105–27.) They seek their unpaid wages, double and treble damages, attorneys' fees, costs, and post-judgment interest. (*Id.* at 13.)

## II.   Procedural History

Plaintiffs filed this action in November 2023. (Doc. 1.) In January 2024, they sought leave to complete service of process through alternative means because it appeared that Defendants were evading service. (Doc. 10.) Their request was granted, and Plaintiffs completed service on January 29. (Docs. 11, 12.) When Defendants did not timely respond, Plaintiffs filed an application for entry of default. (Doc. 13.) The Clerk of Court entered Defendants' default on March 18. (Doc. 14.)

On May 17, Plaintiffs filed the currently pending motion for entry of default judgment. (Doc. 16.) The certificate of service shows that Plaintiffs served the motion on Defendants through the United States mail. (*Id.* at 11.) Defendants did not file a response.

## Discussion

Entering a default judgment is a three-step process. The Court must first ensure that it has subject matter and personal jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court must then determine whether default judgment is proper under the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). Finally, if default judgment is proper, the Court must determine the plaintiff's damages. Each issue is addressed in turn.

## I.   Jurisdiction

The Court finds that it has subject matter jurisdiction. Plaintiffs allege a minimum-wage claim under the Fair Labor Standards Act (FLSA). (Doc. 1 ¶¶ 105–15.) The Court has federal-question jurisdiction over that claim. 28 U.S.C. § 1331. Plaintiffs also allege wage claims under the Arizona Minimum Wage Act (AMWA) and the Arizona Wage Act (AWA). (Doc. 1 ¶¶ 116–27.) The Court has supplemental jurisdiction over those claims

because they "are so related" to the FLSA claim "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

The Court also finds that it has personal jurisdiction over Defendants. A court gains personal jurisdiction over a defendant once he has been properly served under Federal Rule of Civil Procedure 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). Plaintiffs properly served Defendants by mailing service packets to Defendants' residential and business addresses and by physically placing copies of the packets at the same addresses. (Doc. 12.) Service by these alternative means is allowed under state law, Ariz. R. Civ. P. 4.1(k), and a federal plaintiff can complete service by "following state law," Fed. R. Civ. P. 4(e)(1). Therefore, Defendants were properly served, and the Court has personal jurisdiction over them.

## II. *Eitel* Factors

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). In exercising its discretion, the district court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72 (citation omitted).

### A. Prejudice to Plaintiff

The first factor favors entry of default judgment. Plaintiffs would be prejudiced if their motion were denied, as they would "likely be without other recourse for recovery." *PepsiCo, Inv. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. Merits and Sufficiency of the Complaint

The second and third factors also favor entry of default judgment. In examining the merits and sufficiency of the complaint, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*,

559 F.2d 557, 560 (9th Cir. 1977) (per curiam) (citations omitted). Plaintiffs can prevail on their FLSA claim by showing that (1) they were Defendants' employees, (2) they were engaged in commerce, and (3) they were not paid the federal minimum wage. 29 U.S.C. § 206(a)(1). To prevail on their AMWA claim, Plaintiffs must show that (1) they were employees, and (2) they were not paid the state minimum wage. A.R.S. § 23-363(A). To prevail on their AWA claim, Plaintiffs must show that (1) they were employees, and (2) Defendants failed to timely pay all wages due. *Id.* § 23-351(C).

Plaintiffs' allegations satisfy the foregoing elements. They allege facts showing that they were "employees" within the meaning of federal and state law. (Doc. 1 ¶¶ 9–13, 15–19, 32–46, 76–83.) They allege that Defendants are interstate freight carriers, and that their work involved transporting goods throughout the country. (*Id.* ¶¶ 70, 73–75.) This shows that Plaintiffs were engaged in commerce for purposes of the FLSA. *See* 29 U.S.C. § 203(b) (defining "commerce" as including "transportation . . . among the several States"). Finally, Plaintiff Anifer alleges that she has not been paid for hours worked in November 2022, and Plaintiff Sisk alleges that he has been only partially paid. (Doc. 1 ¶¶ 88–95.) Taken as true, these allegations show that Plaintiffs were not timely paid the minimum wage under federal and state law.

### C.    Sum of Money at Stake

The fourth factor also favors entry of default judgment. This factor requires the Court to "consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiffs seek the wages that they have earned and additional damages that are set by statute. Considering that Plaintiffs are simply vindicating their statutory rights, their requested damages ($18,225 for Plaintiff Anifer and $10,650 for Plaintiff Sisk) are reasonable.

### D.    Possibility of Factual Disputes and Excusable Neglect

The fifth and sixth factors also favor entry of default judgment. When, as here, "a complaint states a cause of action and the defendant, although properly served, fails to raise any issue of fact by responding to the allegations, courts will find that th[e fifth] factor

favors granting a default judgment as to liability." *Tolano v. El Rio Bakery*, No. CV-18-00125-TUC, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019). If there were a genuine dispute over Plaintiffs' claims, "it is likely that Defendants would have raised such a dispute in response to this action." *Id.* And, given the multiple notices that Defendants have received and the length of time that has elapsed, the Court finds that Defendants' failure to respond is not the result of excusable neglect.

        **E.**        **Policy Favoring Decisions on the Merits**

"Cases should be decided upon their merits whenever reasonably possible," so the seventh factor generally weighs against entry of default judgment. *Eitel*, 782 F.2d at 1472 (citation omitted). However, the fact that the Federal Rules of Civil Procedure specify a procedure for entering default judgment shows that this factor "is not alone dispositive." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003) (citing *PepsiCo*, 238 F. Supp. 2d at 1177). Here, given Defendants' refusal to litigate this case, a decision on the merits is not reasonably possible. Thus, this factor does not strongly weigh against Plaintiffs' request for default judgment.

\* \* \*

On balance, the *Eitel* factors favor entry of default judgment.

**III.**    **Damages**

A plaintiff seeking a default judgment for money damages must prove his damages with admissible evidence. *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1053–54 (C.D. Cal. 2011) (citations omitted). Such evidence may take the form of a sworn declaration. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016). The default judgment may not "exceed in amount[] what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, Plaintiffs have satisfactorily proven their damages.

Count One, which is brought against all Defendants, asserts a minimum-wage claim under the FLSA. Plaintiff Anifer's declaration shows that she was not paid for three 50-hour weeks in 2022, and Plaintiff Sisk's declaration shows that he was not paid for two 50-hour weeks in 2022. (Doc. 16-1 ¶¶ 7–8; Doc. 16-2 ¶¶ 7–8.) The federal minimum wage is

$7.25 per hour. 29 U.S.C. § 206(a)(1)(C). So, Plaintiff Anifer's base damages are $1,087.50 (7.25 x 150), and Plaintiff Sisk's base damages are $725 (7.25 x 100). The FLSA provides for double damages, 29 U.S.C. § 216(b), so Plaintiff Anifer's total damages are $2,175, and Plaintiff Sisk's total damages are $1,450.

Count Two, which is brought against all Defendants, asserts a minimum-wage claim under the AMWA. The state minimum wage was $12.80 per hour in 2022. *See* A.R.S. § 23-363(a)–(b). So, Plaintiff Anifer's base damages are $1,920 (12.80 x 150), and Plaintiff Sisk's base damages are $1,280 (12.80 x 100). The AMWA provides for treble damages, A.R.S. § 23-364(G), so Plaintiff Anifer's total damages are $5,760, and Plaintiff Sisk's total damages are $3,840.

Count Three, which is brought against the two entity Defendants, asserts an untimely wage claim under the AWA. For this claim, Plaintiffs calculate their damages based not on the minimum wage, but on the amount that they should have been paid according to their milage rate. As noted, Plaintiff Anifer asserts that she was not paid for three weeks of work. (Doc. 16-1 ¶ 7.) Defendants issued her a paycheck for each week—one for $1,164, one for $2,525, and one $2,386—but every check bounced. (*Id.* ¶¶ 9–11.) So, Plaintiff Anifer's base damages are $6,075, the total amount of the checks. Plaintiff Sisk was not paid for two weeks of work. (Doc. 16-2 ¶ 7.) Defendants issued him two bad paychecks for those weeks—one for $1,164, and one for $2,386. (*Id.* ¶¶ 9, 12.) So, Plaintiff Sisk's base damages are $3,550. The AWA provides for treble damages, A.R.S. § 23-355(A), so Plaintiff Anifer's total damages are $18,225, and Plaintiff Sisk's total damages are $10,650.

The damages sought are provided for by statute, and Plaintiffs' declarations are sufficiently detailed to make the necessary calculations. As such, the Court will recommend that a default judgment for money damages be entered in favor of Plaintiffs. As a final matter, Plaintiffs correctly acknowledge that they may not obtain duplicative damages across their three claims. *See Rodriguez v. Pride Dealer Servs. Inc.*, No. CV-23-01955-PHX, 2024 WL 1991443, at *4 (D. Ariz. May 6, 2024) (refusing to grant "stacked"

1  damages awards under the FLSA, AMWA, and AWA). This means that Plaintiff Anifer is
2  entitled to a maximum award of $18,225, and that Plaintiff Sisk is entitled to a maximum
3  award of $10,650. The proper apportionment of these damages is set forth below.

**Conclusion**

The Court **recommends** that Plaintiffs' motion for entry of default judgment (Doc. 16) be granted.

The Court **further recommends** that default judgment be entered in favor of Plaintiff Penni Anifer in the amount of $18,225 and in favor of Plaintiff Kevin Sisk in the amount of $10,650. As to Plaintiff Anifer, the judgment should specify that all Defendants are jointly and severally liable for $5,760, and that Defendants Clement Trucking LLC and Archie Lane LLC are jointly and severally liable for $12,465. As to Plaintiff Sisk, the judgment should specify that all Defendants are jointly and severally liable for $3,840, and that Defendants Clement Trucking LLC and Archie Lane LLC are jointly and severally liable for $6,810.

The Court **further recommends** that Plaintiffs be awarded post-judgment interest at the current rate.

Plaintiffs must serve this report and recommendation on Defendants in accordance with Federal Rule of Civil Procedure 5(b). This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties have 14 days from the date of service of this recommendation to file specific written objections with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses to objections. *Id.* The parties may not file replies on objections absent the district court's permission. Failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 21st day of August, 2024.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge