WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Penni Anifer, et al., | No. CV-23-00518-TUC-SHR (MSA) |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| Clement Trucking LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion for attorney fees. Defendants were served with the motion but have not responded. For the following reasons, the Court will recommend that the motion be granted.

**I.   Background**

Plaintiffs filed this lawsuit under the Fair Labor Standards Act (FLSA), the Arizona Minimum Wage Act, and the Arizona Wage Act. (Doc. 1.) Defendants were properly served, but they did not answer or otherwise respond. (Docs. 12, 14.) On Plaintiffs' motion, the Court entered default judgment against Defendants in the amount of $28,875. (Doc. 20.) Plaintiffs now seek attorney fees and costs under the FLSA. (Doc. 21.)

**II.   Discussion**

    **A.   Attorney Fees**

A party seeking attorney fees must show that it is eligible for fees, that it is entitled to fees, and that the requested fee award is reasonable. LRCiv 54.2(c). As discussed below, Plaintiffs have made each of these showings.

### 1. Eligibility and Entitlement

The FLSA provides that a prevailing plaintiff is entitled to "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiffs, who have obtained a default judgment against Defendants, are the prevailing parties in this FLSA case. Therefore, they are eligible for, and entitled to, a reasonable attorney fee. *See Ramos v. Probuilds LLC*, No. CV-23-01111-PHX, 2024 WL 1078078, at *3–4 (D. Ariz. Feb. 26, 2024) (reaching the same conclusion on similar facts), *R. & R. adopted by* 2024 WL 1071204 (Mar. 12, 2024).

### 2. Reasonableness of Award

The reasonableness of a fee award is determined using the lodestar method. *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). The lodestar is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Edmo v. Corizon, Inc.*, 97 F.4th 1165, 1168 (9th Cir. 2024) (citing *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013)). The lodestar is "a presumptively reasonable fee," but it can be adjusted "upward or downward, based on factors not subsumed in the lodestar figure." *Kelly*, 822 F.3d at 1099 (citing *Gonzalez*, 729 F.3d at 1202).

"Reasonable hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Here, counsel's hourly rate of $325 is in line with the prevailing market rates in this District. *See Brewer v. Pro One Sec. PLLC*, No. CV-23-00331-TUC, 2024 WL 3848395, at *2 (D. Ariz. Aug. 16, 2024) (awarding fees at $395 per hour). And Plaintiffs' counsel was awarded fees at $325 per hour only several weeks ago. *See Bruns v. Tucson Used Auto Sales*, No. CV-22-00465-TUC, 2024 WL 4203129, at *2 (D. Ariz. Sept. 16, 2024). Thus, the Court finds that $325 per hour is a reasonable rate.

Having reviewed counsel's billing statement, the Court also finds that counsel reasonably expended 15.8 hours on this case. (Doc. 21-2.) That figure includes time spent on substantive legal work and client communications. It does not include any non-compensable tasks, such as clerical work. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (finding that clerical work should be "subsumed in firm overhead"). And it is in line with other FLSA cases in which the plaintiff prevailed through a default judgment. *See Rodriguez v. Pride Dealer Servs. Inc.*, No. CV-23-01955-PHX, 2024 WL 4290725, at *5 (D. Ariz. Sept. 25, 2024) (collecting cases establishing that 10 to 20 hours is generally reasonable).

Based on counsel's hourly rate and time expended, the lodestar is $5,135. As noted, the Court has discretion to adjust this figure "upward or downward, based on factors not subsumed in the lodestar figure." *Kelly*, 822 F.3d at 1099; *see Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014) (listing the relevant factors). The Court has considered all the factors. This straightforward case does not involve any factors that warrant an adjustment to the lodestar.

### B.   Costs and Interest

Plaintiffs also request $1,008 in costs. (*See* Doc. 22.) The Court finds that the costs, which include filing fees and service fees, are reasonable and should be awarded. *See Rodriguez*, 2024 WL 4290725, at *6 (awarding the same types of costs). Plaintiffs also request leave to file a motion seeking any costs and fees that they incur in attempting to collect the default judgment. The Court finds that leave is proper. *See Brewer*, 2024 WL 3848395, at *3 (granting leave to file a motion for collection costs).

Finally, Plaintiffs request post-judgment interest on their award of fees and costs. The Court finds that Plaintiffs are entitled to such interest. *See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) (stating that post-judgment interest under 28 U.S.C. § 1961 "is mandatory without regard to the elements of which [the] judgment is imposed" and "has been applied to attorneys' fees[ and] costs" (internal citations omitted)); *Bruns*, 2024 WL 4203129, at *3 (imposing post-judgment

interest on the plaintiff's award of fees and costs).

### III. Conclusion

The Court **recommends** that the district court (1) grant Plaintiffs' motion for attorney fees (Doc. 21), (2) award Plaintiffs $5,135 in attorney fees and $1,008 in costs, with post-judgment interest at the current rate, and (3) grant Plaintiffs leave to file a motion seeking any costs and fees incurred in collecting the default judgment.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses to objections. *Id.* The parties may not file replies on objections absent the district court's permission. Failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

**<u>Plaintiffs must serve this report and recommendation on Defendants in accordance with Federal Rule of Civil Procedure 5(b).</u>**

Dated this 4th day of November, 2024.

                                              Honorable Maria S. Aguilera
                                              United States Magistrate Judge